UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ST. LUKES #2, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5351** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case is the motion[1] of Defendant Independent Specialty Insurance Company to compel arbitration and stay Plaintiff St. Lukes #2, LLC's Hurricane Ida lawsuit under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Defendant contends that the FAA requires the Court to compel arbitration and stay this case because Plaintiff's breach-of-contract and bad-faith claims come within the terms of a valid arbitration agreement contained in a surplus-lines insurance policy that Defendant issued to Plaintiff.[2] Defendant's motion was noticed[3] for submission on January 10, 2024; Plaintiff's response was due on January 2. *See* LOCAL CIVIL RULE 7.5. Nearly four months have passed, and Plaintiff has failed to respond. The Court therefore considers the motion unopposed.

---

[1] ECF No. 14.
[2] ECF Nos. 14 & 14-1.
[3] ECF No. 14-4.

The relevant facts are straightforward and few. Plaintiff is a "skilled nursing facility" that leased floors of a New Orleans building that Hurricane Ida damaged.[4] Defendant issued Plaintiff a surplus-lines insurance policy (the "Policy") that provided content coverage for Plaintiff's leased space.[5] The Policy has a provision (the "Arbitration Provision") that requires arbitration of "[a]ll matters in dispute between you and us . . . in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance . . . ."[6]

After Hurricane Ida damaged the contents of Plaintiff's leased space, Plaintiff submitted a claim under the Policy.[7] Plaintiff complains that Defendant failed to timely pay amounts due on that claim under the Policy.[8] Plaintiff later sued Defendant in state court for breaching the Policy and for bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[9] Defendant removed[10] the case based on diversity jurisdiction and moved[11] to compel arbitration under the FAA.

"The FAA was Congress's way of responding to the general 'hostility of American courts to the enforcement of arbitration agreements.'" *Lopez v. Cintas Corp.*, 47 F.4th 428, 431 (5th Cir. 2022) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001)). "Contrary to that prior practice, the FAA establishes 'a

---

[4] ECF No. 1-1 at 1 ¶ I.
[5] *Id.* at ¶ III; *see also* ECF No. 14-2.
[6] ECF No. 14-2 at 35 (§ 4). The Policy defines "you" as "the Named Insured shown in the Declarations." *Id.* at 9. Plaintiff is "the Named Insured shown in the Declarations." *See id.* at 2. The Policy defines "us" as "the Insurer providing this insurance." *Id.* at 9. Defendant is "the Insurer providing this insurance." *See id.* at 2.
[7] ECF No. 1-1 at ¶ VI.
[8] *Id.* at ¶¶ XIV–XV.
[9] *Id.* at ¶¶ I–XXIX.
[10] ECF No. 1.
[11] ECF No. 14.

liberal federal policy favoring arbitration agreements.'" *Id.* (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018)). "To that end, courts must 'rigorously enforce arbitration agreements according to their terms.'" *Id.* (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)).

Compelling arbitration under the FAA proceeds in "two analytical steps." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). At step one, the Court "appl[ies] state law to determine whether the parties formed 'any arbitration agreement at all.'" *Matter of Willis*, 944 F.3d 577, 579 (5th Cir. 2019) (italics omitted) (quoting *Kubala*, 830 F.3d at 201). At step two, the Court "interpret[s] the contract 'to determine whether this claim is covered by the arbitration agreement.'" *Id.* (italics omitted) (quoting *Kubala*, 830 F.3d at 201). But the step-two analysis changes if the arbitration agreement "delegates to 'the arbitrator the primary power to rule on the arbitrability of a specific claim.'" *Id.* (quoting *Kubala*, 830 F.3d at 201). "In such a case," the Court "ask[s] only whether there is a valid delegation clause." *Id.* "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Kubala*, 830 F.3d at 202.

Step one is satisfied because the Arbitration Provision is a valid agreement to arbitrate under Louisiana law. Under Louisiana law, "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." LA. CIV. CODE ANN. art. 1906. "[T]he requirements for a valid contract are capacity, consent, a lawful cause, and a valid object." *Granger v. Christus Health Cent. La.*,

3

2012-1892, p. 33 (La. 6/28/13); 144 So. 3d 736, 760–61; *see* LA. CIV. CODE ANN. arts. 1918, 1927, 1966, 1971. It is undisputed that each of these requirements is met here.

Step two is satisfied because the Arbitration Provision contains a valid delegation clause.[12] "Ordinarily[,] the next step—after concluding that there is a valid agreement—is to determine whether *this* claim is arbitrable." *Willis*, 944 F.3d at 583 (citing *Kubala*, 830 F.3d at 201). But Defendant points to a delegation clause,[13] so the Court asks "only whether the parties 'evince[d] an intent to have the arbitrator decide whether a given claim must be arbitrated.'" *Id.* (quoting *Kubala*, 830 F.3d at 202).

They did. The Arbitration Provision delegates to the "Arbitration Tribunal" the power to decide "[a]ll matters in dispute . . . in relation to this insurance, including the policy's formation and validity . . . ."[14] *Accord, e.g.*, *AJ's Shoes Outlet, LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-1148, 2023 WL 358779, at *7–8 (E.D. La. Jan. 23, 2023) (concluding that a substantively identical arbitration provision in an insurance contract was a valid delegation clause); *STMB Props., LLC v. Certain Underwriters at Lloyd's London*, 22-CV-2229, 2022 WL 3924313, at *1 (E.D. La. Aug. 31, 2022) (same). Because Defendant "sought to compel arbitration on the basis of that delegation clause, [the Court] must treat it as valid absent any specific challenge to the delegation clause by [Plaintiff]." *Edwards v. Doordash, Inc.*, 888 F.3d 738, 746

---

[12] Even if the Arbitration Provision did not include a valid delegation clause, the FAA would still require the Court to compel arbitration based on a standard step-two inquiry. That is because Plaintiff's claims come within the terms of the Arbitration Provision: Plaintiff's claims for breach of the Policy and bad faith are "matters in dispute . . . in relation to this Insurance," ECF No. 14-2 at 35 (§ 4), because they challenge Defendant's handling of the claim Plaintiff submitted under the Policy.

[13] ECF No. 14-1 at 5–6.

[14] ECF No. 14-2 at 35 (§ 4).

(5th Cir. 2018). Plaintiff fails to challenge the delegation clause. "Therefore, [the Court] treat[s] the delegation clause as valid." *Id.* And because the delegation clause is valid, the Court "must grant the motion to compel." *Mendoza v. Fred Haas Motors, Ltd.*, 825 F. App'x 200, 202 (5th Cir. 2020) (per curiam) (citation omitted).

Accordingly,

**IT IS ORDERED** that Defendant's unopposed motion[15] to compel arbitration is **GRANTED**. The parties are compelled to arbitrate Plaintiff's claims in accordance with the terms of the Arbitration Provision in the Policy. This action is **STAYED** pending arbitration. *See* 9 U.S.C. § 3. The Clerk's Office is respectfully directed to close this case for administrative and statistical purposes.

New Orleans, Louisiana, this 2nd day of May, 2024.

                                          BRANDON S. LONG
                                          UNITED STATES DISTRICT JUDGE

---

[15] ECF No. 14.